U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 26 2013
CLERK, U.S. DISTRICT COURT
By_____
       Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-032-A |
| | § | (NO. 4:10-CR-160-A-1) |
| CARLOS ALVERA-RAMIREZ, | § | |
| | § | |

### MEMORANDUM OPINION
### and
### ORDER

Came on to be considered the motion of Carlos Alvera-Ramirez ("movant") pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion and accompanying memorandum, the record, the government's response, movant's traverse, and applicable legal authorities, the court concludes that none of the grounds has merit and the motion should be denied.

### I.

### Background

Without a plea agreement, movant pleaded guilty to illegal re-entry after deportation, in violation of 8 U.S.C. § 1326. He was sentenced to 96 months imprisonment and three years of supervised release, which was above the guideline range of 57 to 71 months. The Fifth Circuit affirmed his conviction and sentence, United States v. Alvera-Ramirez, 463 F. App'x 245 (5th

Cir. 2012), and certiorari review was denied. <u>Alvera-Ramirez v. United States</u>, 132 S. Ct. 2791 (June 18, 2012). Movant timely filed his Section 2255 motion on January 17, 2013.

II.

Grounds of the Motion

Movant identifies four grounds for relief: (1) counsel was ineffective for failing to object to the reasonableness of movant's sentence and to the court's use of "dismissed charges" to enhance his sentence; (2) counsel was ineffective because there was a conflict of interest between movant and counsel; (3) movant's guilty plea was not entered knowingly and voluntarily because of counsel's deficiencies; and (4) the court abused its discretion in sentencing movant above the guideline range. Mot. at 3-6.

III.

Analysis

A.  <u>Legal Standard for 28 U.S.C. § 2255</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed

2

final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional

errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 697. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S. at 686)). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

    1.   Claim that Counsel Was Ineffective for Failing to Object to Movant's Sentence and Failing to Object to the Court's Use of "Dismissed Charges"

First, movant contends that the court's sentence was unreasonable, that the court failed to provide adequate reasons for the sentence, and his attorney was ineffective for failing to

4

object to the sentence.¹ As the government points out, this is essentially the same substantive claim movant raised on appeal and is contradicted by the record. On appeal, the Fifth Circuit considered movant's claim that this court "failed to provide a reasoned explanation of the sentence imposed," and determined that this court "provided detailed reasons for the sentence imposed" and "properly considered the [18 U.S.C.] § 3553(a) factors." Alvera-Ramirez, 463 F. App'x at 246-47. See also Sentencing Tr. at 9-13. Because the sentence was not unreasonable, and because the court provided adequate reasons for the sentence and properly considered the relevant factors, any objection by counsel would have been meritless. Failure to make a meritless objection does not constitute ineffective assistance of counsel. See Smith v. Puckett, 907 F.2d 581, 585 n.6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim.").

Next, movant contends that his criminal history was "adequately calculated" by the United States Probation Office and accepted by the court, but that "charges that were dismissed" were used in the court's determination that his extensive criminal history was underrepresented in the calculation. Mot.

---

¹ The record reflects that movant's attorney objected to the reasonableness of "any sentence" above the guideline range. See Sentencing Tr. at 7.

at 3; memo. at 15. He then claims that counsel was ineffective for failing to object to the use of these alleged dismissed charges. The record reflects that the court did not rely on any dismissed charges in determining that movant's criminal history was underrepresented, but relied on movant's numerous convictions, many of which were serious and had not been scored under the sentencing guidelines. Sentencing Tr. at 9-12. Accordingly, movant's first ground has no merit.

    2.    <u>Claim that Counsel Was Ineffective Because a Conflict of Interest Existed</u>

Movant contends that his attorney had a "clear conflict of interest" of which the court was aware, and complains about problems with communication, but fails to identify what the conflict of interest was or how it could have prejudiced him. To establish a right to relief, movant must show that his attorney acted under the influence of an actual conflict, and the conflict adversely affected counsel's performance. <u>Mickens v. Taylor</u>, 535 U.S. 162, 169-73 (2002). A conflict of interest is generally found when counsel is in a position "conducive to divided loyalties," <u>United States v. Carpenter</u>, 769 F.2d 258, 263 (5th Cir. 1985), and an actual conflict exists when a movant can show that counsel actually had divided loyalties that affected his or

her performance, <u>United States v. Martinez</u>, 151 F.3d 384, 393 (5th Cir. 1998).

Movant has identified no information that can show that his attorney had a conflict of interest of any kind, and there is nothing to suggest that counsel had divided loyalties that affected his representation of movant. Movant's primary complaint seems to regard communication with his attorney, as he claims that his attorney did not inform him of the elements of the charge to which he was pleading and did not adequately inform him "of the government's case."[2] Mot. at 4. Movant describes a letter he wrote to the court in which he requested a new attorney because his attorney did not speak Spanish very well, did not want to review movant's case, did not want to object to the presentence report, was "always in a bad mood," and was putting pressure on movant to "sign a document." Memo. at 17; Ex. to Order Jan. 5, 2011. Even if movant were arguing that the breakdown in communication between movant and counsel amounted to ineffective assistance of counsel, such an argument would fail, as movant has not pointed out any additional actions his attorney should have taken, and how such actions would have favorably

---

[2] Movant raises essentially the same issue in his third ground, that he did not understand the charges against him and that his plea was not knowing and voluntary, and the court will address those issues under movant's third ground.

7

altered the outcome of the proceedings. See United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989) (Prisoner claiming ineffective assistance "must show with specificity what should have been done differently and how the outcome of the proceeding would have been different."). Thus, this claim must fail.

    3.    <u>Claim that Counsel's Failure to Explain the Charges Led Movant to Enter a Guilty Plea that Was not Knowing and Voluntary</u>

For a guilty plea to be knowing and voluntary, the defendant must have "a full understanding of what the plea connotes and of its consequence." United States v. Hernandez, 234 F.3d 252, 255 (5th Cir. 2000) (per curiam) (internal quotations and citations omitted). But, "[t]he defendant need only understand the direct consequences of the plea; he need not be made aware every consequence that, absent a plea of guilty, would not otherwise occur." Id. (internal citations omitted). The defendant's representations, as well as those of his lawyer and the prosecutor, and any findings by the judge in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Solemn declarations in open court carry a strong presumption of truthfulness, and a defendant bears a heavy burden to show that the plea was involuntary after testifying to its voluntariness in

open court. DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994).

Movant contends that his attorney did not adequately explain the elements of the offense to which movant pleaded guilty, and did not adequately inform movant of the government's case against him. Movant argues that, had he better understood the charges and evidence against him, there was a "reasonable probability" that he would have chosen to go to trial. Memo. at 18-19. However, the record fails to support movant's contention. At movant's rearraignment hearing, he explained to the court that the indictment was read to him in his language and that he understood exactly what he was charged with. Movant signed a factual resume, which specifically stated each element of the offense, the potential penalties, and the facts movant stipulated were true. Movant further testified at his rearraignment that the factual resume had been read to him in his language before he signed it, he understood everything it said, he had discussed it with his attorney, and he understood its legal meaning. The court then recited the elements of the offense on the record, and asked movant if he understood that those were the things the government would be required to prove in front of a jury beyond a reasonable doubt for movant to be convicted. Movant replied that he understood. Movant also testified that he was satisfied with

9

his attorney's representation and had no complaints whatsoever. Finally, the stipulated facts from the factual resume were read on the record at the rearraignment, and movant admitted that the facts were true.

Movant provides only conclusory and unsubstantiated allegations that he did not understand the charges against him, the elements of the offense, and the government's case against him. He identifies no specific information that his attorney failed to convey to him, and he does not explain how or why additional information would have changed his decision to plead guilty. Such self-serving, conclusory, and unsubstantiated allegations regarding his understanding of the case cannot overcome the "strong presumption of veracity" accorded to movant's testimony in open court. See <u>Miller v. Johnson</u>, 200 F.3d 274, 282 (5th Cir. 2000) ("This Court has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."); <u>Barnard v. Collins</u>, 958 F.2d 634, 642 (5th Cir.1992) ("In the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced his right to a fair trial, we [can find] no merit to these [claims]."). Accordingly, movant cannot meet the burden of <u>Strickland</u>.

C.  **Claim that the Court Abused Its Discretion in Sentencing Movant Above the Guideline Range**

Movant contends that the court abused its discretion in sentencing movant above the guideline range and failing to provide adequate reasons for its sentence. As the government points out, this claim is not cognizable on collateral review because it is essentially the same claim movant raised on direct appeal, and that claim was resolved against movant on direct appeal. See United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions."). The Fifth Circuit has already affirmed the court's imposition of movant's sentence, and held that the court had provided adequate reasons for the sentence and the sentence was reasonable. Accordingly, this claim fails.

IV.

Order

Therefore,

The court ORDERS that the motion of Carlos Alvera-Ramirez to

vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED March 26, 2013.

JOHN McBRYDE
United States District Judge